UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Northwest Bypass Group;
Morton C. Tuttle;
Carolyn H. Tuttle; and
Leslie J. Ludtke,
    Plaintiffs

    v.                                    Civil No. 06-cv-258-SM

US Army Corps of Engineers;
Lt. General Carl A. Strock,
    Chief Engineer of the
    US Army Corps of Engineers;
Colonel Curtis Phalken,
    New England District
    Commander of the US Army
    Corps of Engineers; and
City of Concord, New Hampshire

    v.

Concord Hospital, and
St. Paul's School,
    Intervenor Defendants


**O R D E R**


    Canon 3D of the Code of Conduct for United States Judges provides (with exceptions not pertinent to this case) that when a judge is disqualified in a proceeding because "the judge's impartiality might reasonably be questioned," the judge may participate in the proceeding if all the parties and lawyers, after notice of the basis for the disqualification, agree in

writing to waive the disqualification under a procedure independent of the judge's participation.

Unless a waiver is obtained from all parties and all counsel, Chief Judge McAuliffe intends to disqualify himself in this case because of these circumstances:

Concord Hospital has been granted status as an intervening party.  Chief Judge McAuliffe has recently made a contribution to Concord Hospital in the amount of $10,000.00, to be paid in five $2,000.00 installments over a five year period, two installments of which remain to be paid.  In addition, Chief Judge McAuliffe and his family have received, and in the future will likely receive, medical care and treatment at Concord Hospital, and are social friends of a number of physicians and nurses who practice at Concord Hospital.  Finally, Chief Judge McAuliffe is a resident of, and owns property in, Concord, and, therefore, is a Concord taxpayer.

Given these circumstances, the Chief Judge deems it possible that a reasonable person fully informed of these facts, might reasonably question the judge's impartiality, or, these circumstances might suggest an appearance of partiality.  See, e.g., 28 U.S.C. § 455; Canon 3D, Code of Conduct for United States Judges.

Chief Judge McAuliffe is fully satisfied of his actual impartiality in this matter and would not recuse sua sponte. Nevertheless, as the parties may have plausible and legitimate differing views, the Chief Judge has directed that the parties and counsel be afforded the opportunity to address the matter in a manner that preserves complete confidentiality with respect to any objection raised.

If you and your clients wish to waive the judge's disqualification based upon his past and current relationship with Concord Hospital and the City of Concord, then, letters to that effect from you and from your clients must be sent or faxed to me by Tuesday, August 29, 2006 (fax is acceptable to: 603-225-1481). The letters must <u>NOT</u> be sent to the judge and copies must **NOT** be sent to other counsel. If all parties and all counsel submit such letters, this Notice and all responses will be made part of the record, as required by Canon 3D, and the judge will continue participation in the proceeding. If a waiver is not received from all parties and all counsel, any responses received will be kept under seal by the clerk and not shown to the judge, nor will the judge be informed of the identity of any party or lawyer who declined to waive the disqualification. If the disqualification is not waived, the case will be reassigned to

3

another judge. No action will be taken with respect to the trial of this case by the assigned judge until this issue is resolved.

**SO ORDERED.**

/s/ James R. Starr
James R. Starr, Clerk
United States District Court

August 25, 2006

cc: Gordon R. Blakeney, Jr., Esq.
    Daniel R. Dertke, Esq.
    Samantha Klein, Esq.
    John P. Almeida, Esq.
    E. Tupper Kinder, Esq.
    Bruce W. Felmly, Esq.
    Gregory H. Smith, Esq.