UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

NORTHWEST BYPASS GROUP, et al.    )
                                  )
            Plaintiffs,            )
                                  )
       v.                          )    Civil No. 06-CV-00258-JAW
                                  )
U.S. ARMY CORPS                    )
OF ENGINEERS, et al.              )
                                  )
            Defendants.            )

**ORDER ON PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE
RECORD AND MOTION FOR LEAVE TO FILE A REPLY**

This case involves the proper contents of the administrative record in Plaintiffs' law suit against the United States Army Corps of Engineers (Corps), the City of Concord (City), and Intervenors Concord Hospital and St. Paul's School, alleging violations of the Clean Water Act (CWA), National Historic Preservation Act (NHPA), and National Environmental Policy Act (NEPA). On November 27, 2006, Plaintiffs moved to complete the administrative record. *See Plaintiffs' Am. Mot. to Complete the Administrative Record* (Docket # 72) (*Pls.' Mot.*). They seek to add certain materials they claim "should have been there from the start. *Id*. at 1. In particular, they request supplementation of documents – chiefly, the submissions in opposition to the Phase II project – which were considered by the New Hampshire Department of Environmental Services during its review process. The Corps, the City and the Intervenors object to the motion on the ground that, with a couple of exceptions, the administrative record is complete and, although dressed as a motion to complete the record, the Plaintiffs' motion is a procedural guise for a motion to supplement the record. *Federal Defs.' Memo. in Opp'n to Pls.' Am. Mot. to Complete the Administrative Record* at 5 (Docket # 77) (*Corps Opp'n*); *Def. City of*

*Concord's Objection to Pls.' Am. Mot. to Complete the Administrative Record* (Docket # 74) (*City's Opp'n*); *Intervenors' Concord Hosp. and St. Paul's School, Objection to Pls.' Am. Mot. to Complete the Administrative Record* (Docket # 77) (*Intervenors' Opp'n*).[1]

Judicial review of an agency action is "ordinarily limited to consideration of the decision of the agency . . . and of the evidence on which it was based." *Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005) (quoting *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963)). The agency's "designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity. *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (noting that the court "assumes the agency properly designated the Administrative Record absent clear evidence to the contrary. ). The First Circuit provides few exceptions to the rule against supplementation of the record. First, a district court may supplement the record if there is "'a strong showing of bad faith or improper behavior' by agency decision makers. *Id*. (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971)). Next, a reviewing court – in its discretion – may seek to supplement the record in the form of "additional testimony by experts or as "an aid to understanding highly technical, environmental matters. *Valley Citizens for Safe Environment v. Aldridge*, 886 F.2d 458, 460 (1st Cir. 1989). In addition, supplementation may be proper when there is "a failure to explain administrative action [so] as to frustrate effective judicial review. *Murphy v. Comm'r of Internal Revenue*, 469 F.3d 27, 2006 U.S. App. LEXIS 28687, at *9 (1st Cir. 2006) (quoting *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973)).

---

[1] On December 26, 2006, Plaintiffs moved for leave to file a reply brief, attaching the same to the motion. *See Mot. for Leave to File Reply to Defs.' Opposition to Pls.' Mot. to Take Discovery and Am. Mot. to Complete the Administrative Record* (Docket # 79). The Plaintiffs' motion is GRANTED. As such, the Court considered the arguments set forth by the Plaintiffs in that brief to the extent they are relevant to this inquiry.

The Defendants concede that some of the records should be included in the administrative record, because they were received by the Corps during the administrative process. *Corps Opp'n* at 7. Specifically, the Corps agrees to file a supplement to the administrative record to include: (1) a January 12, 2001 letter to the Corps from Plaintiffs' attorney; and, (2) an April 9, 2001 letter to the Corps from Sister Claudette Blais. *Corps Opp'n* at 2 n.3. Based on the agency's concession, the Court grants the Plaintiffs' motion to include those documents in the administrative record. The Corps shall file a formal supplementation to the record with respect to those two documents.

None of the remaining documents fits within the First Circuit's categories of exceptions to the rule against supplementation. Accordingly, the Court GRANTS the Plaintiff's motion to complete the administrative record to include the January 12, 2001 from Plaintiffs' attorney to the Corps and the April 9, 2001 from Sister Blais to Corps, but DENIES the remainder of the Plaintiffs' Amended Motion to Complete the Administrative Record (Docket # 72).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 5th day of January, 2007