UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NORTHWEST BYPASS GROUP, ) <br> et al., ) <br> ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> U.S. ARMY CORPS OF ) <br> ENGINEERS, et al., ) <br> ) <br>     Defendants ) | 1:06-CV-00258-JAW |

**ORDER ON PLAINTIFFS' MOTION TO TAKE DISCOVERY**

On January 10, 2007, I held a telephone conference with counsel regarding the motion to take discovery (Docket No. 71). After listening to arguments of all counsel and reviewing this court's Order granting in part and denying in part Plaintiffs' Motion to Complete the Administrative Record, I concluded that the discovery sought by plaintiffs should not be allowed. I now deny the motion to take discovery.

Plaintiffs want to take discovery concerning what role the City and the Defendant-Intervenors played in orchestrating the content of the administrative record ultimately compiled by the Army Corps of Engineers (See Proposed Interrogatories, Exs. 1-4). Plaintiffs postulate that if they were allowed to engage in this discovery they *might* uncover evidence that these parties improperly influenced the Corps' decision, rendering that ruling suspect because the decision-maker had prejudged the issues and acted in bad faith or with bias. The only tangible fact offered by plaintiffs is that Volume Six of the Army Corps' administrative record, which includes at least a portion of the New

Hampshire DES record, was not provided contemporaneously to the DES and the Army Corps. Plaintiffs postulate, and indeed undisputed documents in their possession confirm, that the City did not forward these materials to the Army Corps until September 2001 at the time the City filed an amended application, rather than in April 2001 when the earlier DES filing was completed. Plaintiffs contend, apparently, that the City thus insured that the Army Corps received only the application materials most favorable to the City.

The court has already denied a request to supplement the administrative record with "chiefly, the submissions in opposition to the Phase II project – which were considered by the New Hampshire Department of Environmental Services during its review process." (Order on Mot. to "Complete" the Administrative Record, Docket No. 82 at 1.) When entering that Order the court cited and relied upon Olsen v. United States, 414 F.3d 144, 155 (1st Cir. 2005), a case that recognized that a court "may" supplement the record where there is a "strong showing of bad faith or improper behavior." Id. (quoting Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971)). Based upon essentially the same submissions I have before me at this juncture, the court denied the motion to supplement.

Plaintiffs now argue that even though the court has essentially held that they failed to make a showing of bad faith or improper behavior with the evidence they presently can muster, they should be given an opportunity to conduct discovery into the fact finding process in order to discover whether any such evidence might exist. While it is true that when reviewing an administrative record the court *may* allow limited discovery into aspects of the record assembly process, see, e.g., Liston v. Unum Corp.

Officer Severance Plan, 330 F.3d 19, 26 (1st Cir. 2003) (citing United States v. Andujar, 49 F.3d 16, 26 (1st Cir. 1995)), the danger of such a course is that it could easily turn into a vast and expensive inquiry about collateral issues.

In this case plaintiffs make their demand for discovery by tethering it to the slender reed of the circumstances involving the Corps' seeming "belated" possession of Volume Six. The defendant-intervenors, the City, and the Corps have explained how that happened, the court has reviewed the situation and seen no reason to supplement the record with additional materials, already known to the plaintiffs, and therefore I conclude that there is no reason to continue the quest with further discovery about the assembly of the rest of the record. In order to authorize this type of discovery, at least in my mind, I would have to have some reason based upon already existing facts to believe that the Army Corps of Engineers acted in bad faith or with bias when it made its administrative decision. No such facts have been placed before me and therefore I conclude discovery is not warranted.

*So Ordered.*

## Certificate

Any appeal of this order must be taken in accordance with Rule 72, Fed.R.Civ.P.

January 11, 2007                                     /s/Margaret Kravchuk
                                                     U.S. Magistrate Judge

3