UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

NORTHWEST BYPASS GROUP, et al.   )
                                 )
            Plaintiffs,           )
                                 )
      v.                          )   Civil No. 06-CV-00258-JAW
                                 )
U.S. ARMY CORPS                   )
OF ENGINEERS, et al.              )
                                 )
            Defendants.           )

### ORDER ON PLAINTIFFS' SUPPLEMENTAL MOTION TO COMPLETE THE ADMINISTRATIVE RECORD

The Court denies the Plaintiffs' motion to supplement the administrative record, because the Plaintiffs' motion is untimely and because they failed to demonstrate that the U.S. Army Corps of Engineers (Corps) directly or indirectly considered the additional documents during the administrative process or that supplementation would be otherwise proper under one of the three established exceptions.

## I.   INTRODUCTION

On November 27, 2006, Plaintiffs filed an amended motion to complete the administrative record (Docket # 72) and by Order dated January 5, 2007, the Court granted and denied the motion in part. *See Order on Pls.' Mot. to Complete the Admin. Record and Mot. for Leave to File a Reply* (Docket # 82) (*Order*). On January 29, 2007, Plaintiffs filed a supplemental motion to complete the administrative record (Docket # 90).[1]

---

[1] With this Order, the Court is also issuing an order on the Plaintiffs' companion motion for the Court to reconsider its Order dated January 5, 2007, denying in part and granting in part Plaintiffs' earlier motion to complete the administrative record. *See Pls.' Am. Mot. for Partial Recon. of Order on Pls.' Mot. to Complete the Admin. Record and Mot. for Leave to File a Reply* (Docket # 92).

This Order addresses Plaintiffs' supplemental motion, which asks the Court to add to the administrative record six documents, consisting of a schematic drawing and five photographs that they attached to another filing – their pending amended motion to reconsider the Court's Order on their motion for preliminary injunction (Docket # 91) (*Mot. to Reconsider*). The Plaintiffs claim that these documents bolster their assertion that the cumulative impacts of the Northwest Bypass are significant. *Mot. to Reconsider* at 13. According to Plaintiffs, although the state's initial plan back in 1993 contained a condition requiring that the Northwest Bypass be a "controlled access highway with no driveways or intersections along its length, these photos and schematics confirm that there are a "plethora of driveways and intersections along Phase I of the bypass. *Id.*

Along with the other Defendant and the Intervenors, the Corps objected to Plaintiffs' supplemental motion to complete the administrative record:

> Plaintiffs fail to establish that the materials they seek to include in the record were ever presented to the Corps for its consideration during the administrative process. Indeed, Plaintiffs fail to even explain where the documents come from, other than to assert that they "were submitted as a package to the NH DES record, and the Corps was on notice of them at the time. Plaintiffs do not explain what this "package consisted of, to whom it was provided, whether it appears in the NHDES docket, or how the Corps was put on notice of these documents.

*Corps Opp'n* at 4. Plaintiffs contend that the five photographs and one schematic come from the NHDES record.

## II. DISCUSSION

### A. Timeliness

The first issue is timeliness. The Corps asserts the motion does not comply with Magistrate Judge Kravchuk's scheduling order:

> Any motion to supplement the record and take additional discovery by either side shall be filed within fifteen (15) days, to wit, by November 21, 2006.  Response time is extended to December 15, 2006, and the Local Rules will govern any requested reply.  If the court determines that either side may supplement the record, and in doing so take additional discovery, counsel for the government shall contact my chambers within 2 business days of the issuance of final ruling on that motion to arrange for a further conference call of the parties and I will establish a schedule, with strict deadlines, for obtaining the necessary discovery.  Included within that 'mini' schedule will be a deadline for filing any Second Motion for Further Supplementation of the Record solely as the result of the discovery obtained.

*Scheduling Order* at 4 (Docket # 68).  Plaintiffs timely filed their first motion to complete the administrative record on November 21, 2006, which the Court partially granted and partially denied on January 5, 2007.  *See Order* (Docket # 82).  However, Plaintiffs filed the instant supplemental motion on January 29, 2007, well after the scheduling order deadline.  The Court concludes the supplemental motion is not timely.

**B.**   **The Evidence Before the Corps**

In excess of caution, the Court will reach the substantive issues.  Judicial review of an agency action is "ordinarily limited to consideration of the decision of the agency . . . and of the evidence on which it was based.   *Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005) (quoting *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963)).  "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.   *Id.* (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).  The agency's "designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity.  *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (noting that the court "assumes the agency properly designated the Administrative Record absent clear evidence to the contrary. ).  Here, the

Plaintiffs do not assert that the Corps actually considered these exhibits, either directly or indirectly, and then omitted them when compiling the administrative record. *See Bar MK Ranches v. Yuetter*, 994 F.2d 735 (10th Cir. 1993) ("The complete administrative record consists of all documents and materials directly or indirectly considered by the agency. ). Since the Court must determine whether the Corps's decision was arbitrary and capricious based on the information at hand, the Court cannot now inject new documents into the record, unless the circumstances call for an exception to the rule.

The First Circuit provides few exceptions to the rule against supplementation. First, "the district court 'may' (although it is not required to) supplement the record where there is [] 'a strong showing of bad faith or improper behavior' by agency decision makers. *Olsen*, 414 F.3d at 155 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971)). Second, a reviewing court – in its discretion – may seek to supplement the record in the form of "additional testimony by experts or as "an aid to understanding highly technical, environmental matters. *Valley Citizens for Safe Environment v. Aldridge*, 886 F.2d 458, 460 (1st Cir. 1989). Third, supplementation may be proper when there is "a failure to explain administrative action [so] as to frustrate effective judicial review. *Murphy v. Comm'r of Internal Revenue*, 469 F.3d 27, 31 (1st Cir. 2006) (quoting *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973)).

The six documents the Plaintiffs now seek to add to the administrative record do not fall within these three exceptions. This motion does not allege bad faith by the Corps and the second exception is inapplicable. The remaining exception – appropriate when there is a record so inadequate that it prevents judicial review – does not apply here. The administrative record here is hefty, 3,233 pages over seven volumes, with documents spanning from 1989 to 2006. The administrative record is more than sufficient to allow for judicial review.

4

## III.  CONCLUSION

The Court DENIES Plaintiffs' supplemental motion to complete the administrative record (Docket # 90).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 14th day of May, 2007