UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

NORTHWEST BYPASS GROUP, et al.    )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )    Civil No. 06-CV-00258-JAW
                                   )
U.S. ARMY CORPS                    )
OF ENGINEERS, et al.               )
                                   )
            Defendants.            )

**ORDER ON PLAINTIFFS' AMENDED MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**

The Court rejects the Plaintiffs' amended motion to partially reconsider its partial denial of their motion to supplement the administrative record. The Plaintiffs mischaracterize the Court's earlier ruling regarding the applicable legal standard and the Plaintiffs have failed to make a strong showing of bad faith or improper behavior on the part of the agency.

I.   INTRODUCTION

On November 27, 2006, Plaintiffs filed an amended motion to complete the Army Corps's administrative record (Docket # 72). Of chief concern to the Plaintiffs was the absence of a number of submissions in opposition to the Phase II project that were considered by the New Hampshire Department of Environmental Services (NHDES) during the state review process. On January 5, 2007, the Court granted the motion in part and denied it in part. *See Order on Pls.' Mot. to Complete the Admin. Record and Mot. for Leave to File a Reply* (Docket # 82) (*Order*). The Plaintiffs, dissatisfied with the Court's decision, now move for reconsideration of

that Order, under Local Rule 7.2(e). *See Pls.' Am. Mot. for Partial Recons. of Order on Pls.' Mot. to Complete the Admin. Record* (Docket # 92) (*Pls.' Am. Mot.*).

## II. DISCUSSION

The genesis of the Plaintiffs' concern can be traced to the multi-tiered federal and state approval process for this project. During the Corps's review, the Plaintiffs sought to make certain that the Corps reviewed the extensive record of proceedings before the NHDES. However, when they received the administrative record in this case, they discovered that certain records included in the state proceeding were omitted from the administrative record in the federal proceeding. They claim either that the administrative record should be supplemented to include records the Corps should have considered or, alternatively, that the Corps acted in bad faith in refusing or failing to consider records that would have supported the Plaintiffs' position in making its decision.

### A. Standard

As an "extraordinary remedy, a motion for reconsideration is limited to: "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320, 24 (D.P.R. 2005). Otherwise, "in the interest of finality . . . motions for reconsideration should be granted sparingly because parties should not be free to relitigate issues a court has already decided. *Id*. Under the Local Rules of this Court, the movant on a motion for reconsideration must demonstrate that the order was "based on a manifest error of law or fact. LR 7.2(e).[1]

---

[1] Although the Federal Rules of Civil Procedure do not address motions for reconsideration of interlocutory matters, the local rules for the District of New Hampshire mention the issue:

**B.     Plaintiffs' Grounds for Reconsideration**

Plaintiffs assert two grounds for reconsideration: (1) that the Court considered the wrong standard in its January 5, 2007 Order; and, (2) that they have made a strong showing of bad faith on the part of the Corps.

**1.     The Court's Standard**

**a.  Received During The Administrative Process**

The Plaintiffs' first objection is based on a faulty premise: that the Court issued a holding regarding certain documents that the Corps conceded should be included in the administrative record. *Pls.' Am. Mot.* at 1-3. The Plaintiffs claim that the legal standard "received during the administrative process is erroneous and without support in the case law. *Id.* They belabor the point, alleging that the "Court's holding and the Corps' argument implicitly equate evidence 'received by' the Army Corps with evidence 'considered by' the agency . . . . *Id.* at 2.

The Plaintiffs' contentions on this point are fallacious and wholly without merit. To be precise, after the Plaintiffs filed their original motion to supplement, the Corps responded by conceding that two of the documents the Plaintiffs were seeking to include in the administrative record should be included. The Corps explained its concession by stating that "the Corps has determined that these two documents were sent to the Corps during the administrative process

---

> A motion to reconsider an interlocutory order of the court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, *shall demonstrate that the order was based on a manifest error of fact or law* and shall be filed within ten (10) days from the date of the order unless the party seeking a reconsideration shows cause for not filing within that time. Cause for not filing within ten (10) days from the date of the order includes newly available material evidence and an intervening change in the governing legal standard.

LR 7.2(e) (emphasis added). Plaintiffs filed a motion to extend time to file their motion for reconsideration (Docket # 84), which the Court granted by order dated January 11, 2007 (Docket # 85). Therefore, the ten-day time limit does not apply here.

and therefore belong in the administrative record. *Fed. Defs.' Memo. in Opp'n to Pls.' Am. Mot to Complete the Admin. Record* at 7 (Docket # 77) (*Corps Opp'n*). The Corps went on to note that it was maintaining its objection to other documents because "[d]ocuments the Corps did not receive could not have been considered in the decisionmaking process, either directly or indirectly, and so are not properly part of the administrative record. *Id.*

In its Order, the Court wrote: "The Defendants concede that some of the records should be included in the administrative record, because they were received by the Corps during the administrative process. *Order* at 3. The Court then went on to order – consistent with the Corps's concession – the administrative record so supplemented. *Id.* The Court was neither stating nor applying a holding; a characterization of a party's position is not a holding. It was merely reciting the Corps's own explanation as to why it had conceded that the administrative record should be supplemented at all. Taking the Court's words so badly out of context would be troubling enough, but it is more inexplicable because – as will be seen shortly – in the Order, the Court expressly set forth in detail the standard by which it evaluated the Plaintiffs' motion, quoting and citing *Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005).

### b. *Miami Nation of Indians of Indiana, Inc. v. Babbitt*

In its January 5, 2007 Order, the Court laid out the standard of judicial review:

> Judicial review of an agency action is "ordinarily limited to consideration of the decision of the agency . . . and of the evidence on which it was based. *Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005) (quoting *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963)). The agency's "designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity. *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (noting that the court "assumes the agency properly designated the Administrative Record absent clear evidence to the contrary. ). The First Circuit provides few exceptions to the rule against supplementation of the record. First, a district court may

4

> supplement the record if there is "'a strong showing of bad faith or improper behavior' by agency decision makers. *Id.* (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971)). Next, a reviewing court – in its discretion – may seek to supplement the record in the form of "additional testimony by experts" or as "an aid to understanding highly technical, environmental matters." *Valley Citizens for Safe Environment v. Aldridge*, 886 F.2d 458, 460 (1st Cir. 1989). In addition, supplementation may be proper when there is "a failure to explain administrative action [so] as to frustrate effective judicial review." *Murphy v. Comm'r of Internal Revenue*, 469 F.3d 27, 2006 U.S. App. LEXIS 28687, at *9 (1st Cir. 2006) (quoting *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973)).

*Order* at 2. The Plaintiffs object to this standard, and rely on *Miami Nation of Indians of Indiana, Inc. v. Babbitt*, 979 F. Supp. 771, 774 (N.D. Ind. 1996), for the proposition that they "do not seek supplementation of the administrative record, but rather they seek to complete the current record to include materials that should have been there from the start." *Pls.' Am. Mot.* at 3 (quoting *Miami Nation*, 979 F. Supp. at 777).

*Miami Nation*, however, involved different facts. By statute, when reviewing an agency action, a court is directed to review the "whole record or those parts of it cited by a party." 5 U.S.C. § 706. The parties in *Miami Nation* disputed whether the agency had produced the "whole record" it considered in its decision-making process. 979 F. Supp. at 776. The agency identified certain categories of information that it had excluded from the administrative record, including "preliminary drafts of reports and decisions," "internal communications and comments," and "personal notes and individual journals." *Id*. The court described the positions of the parties: "The United States contends that the Administrative Record should consist of material relevant only to the merits of the agency's decision; the Miamis contend that the Record should include material relevant to the process of making that final determination." *Id*. Quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993), *Miami Nation* noted that the

5

administrative record "consists of all documents and materials directly or indirectly considered by the agency. *Id.* at 777. Miami Nation argued that since the agency had considered the preliminary drafts and other documents in reaching its decision, the documents should be included in the administrative record to show the agency's decision-making process.[2] The *Miami Nation* Court agreed.

Here, the Plaintiffs are requesting something different. In its initial motion, Plaintiffs alleged that the Corps "selectively included an assortment of NH DES submissions that support the City's application, [and] . . . exclude[ed] opposing comments . . . . *Pls.' Mem. in Supp. of Am. Mot. to Complete Admin. Record* at 8-9 (Docket # 72). Unlike *Miami Nation*, their assertion is not that the agency omitted documents from the administrative record that it considered, but that the agency should have considered documents it did not. The Corps has iterated and reiterated that it did not consider either directly or indirectly the documents the Plaintiffs seek to include in the administrative record. The administrative record need not include documents the agency has never seen. *Town of Norfolk v. United States Army Corps of Eng'rs*, 968 F.2d 1438, 1456-57 (1st Cir. 1992). The Plaintiffs have failed to sustain their burden to demonstrate that the Court's January 5, 2007 Order was based on "a manifest error of fact or law. LR 7.2(e).

2. **Bad Faith**

The First Circuit has said that a "district court 'may' (although it is not required to) supplement the record where there is [] 'a strong showing of bad faith or improper behavior' by agency decision makers. *Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971)). Plaintiffs make the plea that the Court reconsider its decision because they have made a "compelling showing of bad

---

[2] The court in *Miami Nation* allowed the United States to seek a protective order for any documents it contended were covered by the deliberative process privilege. *Miami Nation*, 979 F. Supp. at 778-79.

6

faith. *Pls.' Am. Mot.* at 3. In support, Gordon Blakeney, counsel for the Plaintiffs, filed a declaration under oath in which he asserts that, during a telephone conversation with the Corps's Richard Roach on October 31, 2005, Mr. Roach told him that "he had been in touch with the City, and 'they made sure that I have copies of everything I need.'" *Blakeney Decl.* ¶ 4 (Docket # 92-2). Dissatisfied with this answer, Mr. Blakeney e-mailed Mr. Roach on November 1, 2005, requesting an opportunity to review the administrative record to make sure that it "contained a fair and complete representation of the evidence submitted by project opponents to the New Hampshire Department of Environmental Services . . . and not simply evidence supporting the project. *Id.* ¶ 5. According to Mr. Blakeney, the Corps did not respond. *Id.* ¶ 7. The Plaintiffs contend that "since it must be presumed, in light of the Army Corps's assertion that it included in the administrative record documents it received during its permit review, that the documents with which the plaintiffs seek to supplement the certified administrative record <u>would</u> have been included therein <u>but</u> <u>for</u> a material misrepresentation of fact made to the plaintiffs by Army Corps regulatory project manager. *Pls.' Mot.* at 4.

The Corps answers that, although Mr. Roach does not recall the details of his conversation with Mr. Blakeney, he disagrees with Mr. Blakeney's initial recollection, asserting that "he could not imagine ever saying that the Corps had the entire NHDES record, as he knew that the NHDES process was separate and distinct from the Corps's administrative process. *Corps Opp'n* at 4. Furthermore, "[a]lthough the Corps did receive some of the NHDES documents, Mr. Roach knew that numerous documents that were before NHDES would not be before the Corps. *Id.*

The Court concludes that Plaintiffs simply have not satisfied their burden to make a "strong showing of bad faith or improper behavior. *Olsen* 414 F.3d at 155. Mr. Blakeney's

current declaration differs from his earlier declaration. In the declaration dated November 21, 2006, Mr. Blakeney stated that Mr. Roach "assured him that "in the course of his assembling the administrative record, the applicant-City had made sure he had copies of everything in the NH DES record. *Declaration of Gordon Blakeney in Supp. of Mot. to Complete the Administrative Record* ¶ 4 (Docket # 72-13). He now states that Mr. Roach told him that the City gave him "everything I need. *Blakeney Decl.* ¶ 4. What the City viewed as necessary is not necessarily the same as the entire NHDES record. Further, Mr. Roach stated that if Mr. Blakeney had insisted that the entire NHDES record must be considered by the Corps, he would have not have agreed to include the entire NHDES record in the Corps's administrative record. *Roach Decl.* ¶ 9 (Docket # 77-2) ("It simply does not make sense to me that I would have told Mr. Blakeney that I had all documents from the State process in the Corps administrative record, as I would not have believed that to be the case. ). When compared, Mr. Blakeney's current declaration and Mr. Roach's earlier declaration, if contradictory at all, do not sustain the Plaintiffs' allegation of bad faith.[3]

### III.   CONCLUSION

Because the Court concludes that it applied the proper standard in its January 5, 2007 Order on Plaintiffs' Amended Motion to Complete the Administrative Record, and because the Plaintiffs have failed to make a "strong showing of bad faith or improper behavior on the part of the Corps, the Court concludes that its previous order was not based on any manifest error of fact

---

[3] Moreover, this is an argument that Plaintiffs could have raised in their initial motion to complete the administrative record, but did not – possibly because of Mr. Blakeney's refreshed recollection of his conversation with Mr. Roach. Motions for reconsideration "cannot be used to raise arguments which could have been raised prior to the issuance of the judgment. *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320, 24 (D.P.R. 2005) (citation and internal punctuation omitted). Rather, they are to be used to point out to the Court manifest errors in fact or law underlying the original decision.

or law. Accordingly, the Court DENIES Plaintiffs' amended motion for reconsideration (Docket # 92).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 14th day of May, 2007