# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

NORTHWEST BYPASS GROUP, et al.    )
    )
        Plaintiffs,    )
    )
        v.    )    Civil No. 06-CV-00258-JAW
    )
U.S. ARMY CORPS    )
OF ENGINEERS, et al.    )
    )
        Defendants.    )

## ORDER ON PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND THE COMPLAINT

Seeking to "buttress and supplement [their] claims sufficient to provide an improved basis for preliminary injunctive relief" and to present a new argument that the United States Army Corps of Engineers (Corps) unlawfully balanced "positive and negative impacts," Plaintiffs filed two motions for leave to amend their complaint. *Pls.' Mot. to Amend Compl.* at 2 (Docket # 88) (*Pls.' Mot.*); *Pls.' Second Mot. to Amend Compl.* at 3 (Docket # 106) (*Pls.' Second Mot.*). The Court denies the motions in part.[1] Most of the proposed amendments contain substantially the same allegations as the current complaint and to that extent, the amendments are redundant; to the extent the proposed amendments allege new facts or theories, they are untimely. Finally, regarding the second motion to amend the complaint, based on what the Plaintiffs contend is new legal authority, the Plaintiffs failed to demonstrate either that the intervening case breaks new legal ground or that a substantial delay caused by their list server's failure to timely identify the case constitutes good cause for granting leave to amend.

---

[1] There is a portion of the Plaintiffs' motion to which the Defendants do not object: the Plaintiffs seek to "amend the caption and paragraph 9 to show the correct spelling for Defendant Colonel Curtis Thalken. *Pls.' Mot.* at 2. The Defendants have not objected to this innocuous request and the Court will grant this portion of the motion as a clerical matter.

## I.   DISCUSSION

### A.   The Rule 16 "Good Cause" Standard for Amendment

The Plaintiffs move to amend under Rule 15 of the Federal Rules of Civil Procedure; the Defendants contend Rule 16 controls.  The Court agrees with the Defendants.

#### 1.   Rule 15 Standard

Under the Federal Rules, a party may only amend its pleading once as a matter of course prior to the filing of a responsive pleading.  FED. R. CIV. P. 15(a).[2]  "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  *Id.*  Should a court deny a motion to file an amended complaint, that decision is reviewed for an abuse of discretion.  *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996) (citation omitted).  Generally, an appellate court will not affirm such a denial "[u]nless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice) . . . .  *Id*.  The Local Rules of this Court provide:

> A party who moves to amend a filing shall (i) attach the proposed amended filing to the motion to amend, (ii) identify in the motion or a supporting memorandum any new factual allegations, legal claims, or parties, and (iii) *explain why any new allegations, claims, or parties were not included in the original filing*.

LR 15.1 (emphasis added).

#### 2.   Rule 16 Standard

A different standard adheres "once a scheduling order is in place.  *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *see also O'Connell v. Hyatt Hotels*, 357 F.3d 152, 154 (1st Cir. 2004).  Under Rule 16(b) of the Federal Rules of Civil Procedure, the district court must

---

[2] The Defendant City of Concord (City) and the Intervenors Concord Hospital and St. Paul's School (Intervenors) each answered on September 19, 2006 (Docket # 47, 48).  The Corps filed its answer on November 20, 2006 (Docket # 69), after the Court granted its motion to extend time to answer (Docket # 49).

issue a scheduling order within 120 days of service of the complaint.  Among other things, the scheduling order limits the time "to join other parties and to amend the pleadings.  FED. R. CIV. P. 16(b).  "The purpose of limiting the period for amending the pleadings is to assure 'that at some point both the parties and the pleadings will be fixed.'  *O'Connell*, 357 F.3d at 154 (quoting the advisory committee's note to Rule 16).  The rule further provides that a "schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . .  FED. R. CIV. P. 16(b).  "Unlike Rule 15(a)'s 'freely given' standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party . . . Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment. *O'Connell*, 357 F.3d at 155 (citation omitted).  As will be explained, the Plaintiffs filed their motions to amend the complaint beyond the deadline the Court established for amending the pleadings.  As in *O'Connell*, Plaintiffs here "have pinned their hopes on the wrong rule.  *Id.* at 154.  The Court will apply the Rule 16 "good cause  standard, rather than the Rule 15 "freely given  standard.

### a.   Timeliness

Under either rule, "the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself reason for the court to withhold permission to amend.   *Steir*, 383 F.3d at 12.  The Plaintiffs initiated this suit on July 13, 2006.  Their Complaint was accompanied by a motion for a preliminary injunction and a temporary restraining order and, in view of the scheduled commencement of construction of the Bypass, the pleadings provoked an immediate response by the City, the Corps, and other interested parties.  The urgency increased with the filing of an emergency motion for a temporary restraining order on September 6, 2006. *See Emergency Mot.*

*for TRO and Request for Expedited Hr'g* (Docket # 32). After the *seriatim* recusals of each district judge in New Hampshire, the case was referred to this Judge on September 8, 2006. *Procedural Order* (Docket # 34). After an extended hearing on September 13, 2006, the Court issued an Order denying the motion for a temporary restraining order on September 15, 2006. *Northwest Bypass Group v. United States Army Corps of Eng'rs*, 453 F. Supp. 2d 333 (D.N.H. 2006). On September 24, 2006, the Plaintiffs filed a motion for reconsideration of the Order denying the motion for a temporary restraining order and on September 28, 2006, they filed an addendum to the motion for reconsideration. *Pls.' Mot. to Reconsider Order on Pls.' Mot. for TRO* (Docket # 50); *Addendum to Pls.' Mot. to Reconsider Order on Pls.' Mot. for TRO* (Docket # 54).

While the parties briefed the motion for reconsideration, the Court – through Magistrate Judge Kravchuk – held a pretrial conference on November 3, 2006. The Magistrate Judge promptly focused on whether trial would be necessary, whether the issues would be resolved by cross-motions for summary judgment based on the administrative record, and whether any discovery was in order. *See Report of Telephone Pretrial Conference and Order* at 3 (Docket # 68). The Plaintiffs contended that whether a trial would be necessary – and also whether discovery was warranted – depended upon whether the administrative record could be supplemented; the Defendants took the position that the matter should be resolved on the existing administrative record without discovery. *Id.* The Magistrate Judge issued a Pretrial Order which established a time table for resolution of this issue. She required the parties to file any motion to supplement the record by November 21, 2006, and she established a deadline for amendment of pleadings: "The final deadline for any amendment of the pleadings will be 10 days after final

ruling on any issue raised in connection with any motion for supplementation of the record.  *Id.* at 5-6.

The Magistrate Judge also anticipated the need for a deadline to resolve the case by dispositive motion.  *Id.* at 6-7.  The Pretrial Order provided that the Plaintiffs would "file their dispositive motion no later than 30 days after the final resolution of all motions to supplement the administrative record and for leave to take discovery.  *Id.* at 6.  In other words, the Magistrate Judge noted, "any dispositive motion from the plaintiffs must be filed 30 days after the administrative record has been closed.  *Id.*

In accordance with the Pretrial Order, Plaintiffs moved to supplement the administrative record on November 27, 2006.  *Pls.' Am. Mot. to Complete the Admin. R.* (Docket # 72).  The Court ruled on the Plaintiffs' motion on January 5, 2007, granting it in part and denying it in part.  *See Order* (Docket # 82).   Also on January 5, 2007, the Court denied the motion for a preliminary injunction.  *See Northwest Bypass Group v. United States Army Corps of Eng'rs,* 470 F. Supp. 2d 30 (D.N.H. 2007).  On January 11, 2007, following these rulings, the Magistrate Judge denied the Plaintiffs' motion for discovery.  *Order on Pls.' Mot. to Take Disc.* (Docket # 86).  Under the Pretrial Order, based on the dates of the rulings on the Plaintiffs' motions to supplement and to take discovery, the Plaintiffs' dispositive motion was due on February 12, 2007.

The case quickly devolved into a multiplicity of motions generated by the Plaintiffs:  (1) a partially assented to motion to amend the complaint on January 29, 2007 (Docket # 88); (2) a supplemental motion to complete the administrative record (Docket # 90); (3) an amended motion for reconsideration of the Order on the motion for reconsideration of the Order on their motion for a preliminary injunction (Docket # 91); (4) an amended motion for reconsideration of

the Order on their motion to complete the administrative record and motion for leave to file a reply (Docket # 92); (5) a second motion to the amend complaint (Docket # 106); (7) a motion for sanctions (Docket # 107); and, (8) a motion to disqualify the Defendant City's counsel (Docket # 114). These motions spawned objections and motions for leave to file replies to the objections.

More specifically, regarding the motions to amend, the Plaintiffs filed their first motion to amend the complaint on January 29, 2007 (Docket # 88).[3] However, as the deadline under the Pretrial Order for moving to amend the pleadings was January 22, 2007, this motion failed to comply with the ten-day deadline. *See* FED. R. CIV. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. ). The Plaintiffs filed their first motion to amend seven days late and their second motion to amend on March 6, 2007, beyond the deadline (Docket # 106).[4]

In light of this history, the motions to amend the complaint are not simply late; they run the risk of unduly delaying a case that should be ready for resolution. This case has already been delayed by the Plaintiffs' resolute determination to attack each adverse Order with motions to reconsider and supplement. Now, instead of proceeding with dispositive motions, the Court is addressing whether the Plaintiffs should be allowed to amend their Complaint.[5] Moreover, unlike some cases where time moderates the parties' respective positions, this case has become increasingly contentious. In their most recent motions the Plaintiffs have accused the City of bad

---

[3] On the same day, the Plaintiffs filed three further motions. *See* Docket # 90, 91, and 92. The motion to reconsider did not affect the ten-day deadline for filing amended pleadings.

[4] The Plaintiffs have not asserted that their moving for reconsideration tolled the deadlines in the Pretrial Order. The Local Rule does not provide that a motion for reconsideration of an interlocutory order affects the deadlines in a Pretrial Scheduling Order, L.R. 7.2(e), and if the Plaintiffs wished to alter the deadlines in the Pretrial Scheduling Order, they should have moved to do so.

[5] The dispositive motion deadline was February 12, 2007. *See Order* at 6 (Docket # 68). The first motion to amend was filed on January 29, 2007 about two weeks before the dispositive motion deadline; the second motion was filed on March 6, 2007 over three weeks after the dispositive motion deadline.

faith, abuse of the judicial process, and unethical conduct.  To the extent the Plaintiffs seek to add new allegations and theories into a case that has been so thoroughly and exhaustively presented, the Court is concerned that amended pleadings at this late date will only further delay and complicate a case that has already experienced more than its fair share of delay and complication.

Nor is time a trivial matter.  In the fall, the Court allowed construction of the Bypass to commence, and presumably with the onset of spring, it will begin anew.  The parties, both the Plaintiffs and the Defendants, deserve speedy resolution of this matter so that all will know where they stand.  In the circumstances of this case, the Court concludes that the Plaintiffs must be held to the terms of the Pretrial Scheduling Order, and their motions to amend are tardy.

### b.      Good Cause

Putting aside tardiness, the Plaintiffs have not demonstrated good cause, as required by Rule 16, for amending the complaint.  Plaintiffs wish to amend paragraphs 92 and 93 of Count I as follows:

> 92.      Therefore, the agency's explanation responding to the aforementioned significant public comments is arbitrary and capricious. . . .
>
> 93.      In the alternative, even overlooking the agency's arbitrary and capricious explanation, although the ACOE's conclusion that "[s]ome traffic between 1-89 and Clinton Street will be able to use the new road [and thereby avoid] . . . South Fruit Street . . . to get to . . . the hospital  may find plausible support in the evidence before the agency, *see id.*, the rest of the agency's conclusions do not.

*Pls.' Mot.* Attach. 1 ¶¶ 92-93 (*Am. Compl.*).  The essence of these new allegations is that the Corps's response to public comments was arbitrary and capricious, and its conclusions were not supported by the evidence before the agency.  Because the new allegations are already

substantially reflected in the original complaint, there is not good cause for the proposed amendment.

Plaintiffs' next request is to amend paragraph 427 in Count XIII to allege that the provisions in the Memorandum of Agreement regarding the Pleasant View Home "did not take into account the September 2001 re-alignment of the proposed road northward . . . . *Pls.' Mot.* at 2. Again, the Plaintiffs have already raised this same issue in previous filings, and the proposed amendment does not assert any newly developed facts. *See Pls.' Reply to Defs.' Opp'n to Mot. for Prelim. Inj.* at 4 n.8 (Docket # 24).

Plaintiffs also seek to amend Count XVII "to include allegations of fact showing that this project has been 'highly controversial' . . . . *Pls.' Mot.* at 2. At paragraph 489 of the original Complaint, Plaintiffs outline the NEPA standard for "intensity of the impact on the environment, which includes as a factor "[t]he degree to which the effects on the quality of the human environment are likely to be highly controversial. 40 C.F.R. § 1508.27(b). The Court need look no further than the allegations in the original Complaint to conclude that the Corps's decision was controversial. Furthermore, the Corps must have been aware of the level of controversy at the time of its decision, since the public comments in the Environmental Assessment (EA) and the administrative record make the controversial nature of this entire matter abundantly clear. To amend the complaint to make this allegation would be superfluous.

The Plaintiffs seek to replace the current Count IX with a different count alleging "improper agency jurisdictional deference afforded putative local and state zoning and land use decisions pursuant to 33 C.F.R. § 320.4(j)(2). [6] Count VI of the Complaint already addresses this issue. *See Compl.* ¶¶ 284-91.

---

[6] Plaintiffs' original Count IX alleged that the Corps did not comply with 40 C.F.R. § 230.11, which requires the Corps to "determine in writing the potential short-term or long-term effects of a proposed discharge of dredged or

Plaintiffs move to add a Count XX to allege that the Corps's decision was arbitrary and capricious because of its "failure to hold a public hearing in accordance with 33 C.F.R. [§] 327.4 and 40 C.F.R. § 1506.6(c). *Pls.' Mot.* at 8. That the Corps did not hold a public hearing on the City's CWA permit is not newly discovered; the EA itself explains why a public hearing was denied:

> By virtue of the written comments received and our attendance at the three Public hearings held by the State on this application, there is sufficient information available to evaluate the proposed project; and a Corps of Engineer's public hearing would not result in new information that is not already available, therefore the request(s) for a public hearing are denied.

*Administrative Record* at 1:42. This fact was available to the Plaintiffs when they filed their original Complaint, and their oversight in failing to include this allegation does not constitute good cause.

Finally, as regards Plaintiffs' second motion to amend, which seeks to amend paragraph 510[7] of the second amended complaint, the Court concludes that the request is both unproductive and untimely. The Plaintiffs assert that *Advocates For Transportation Alternatives, Inc. v. United States*, 453 F. Supp. 2d 289, 302 (D. Mass. 2006), somehow created a new standard for evaluating the Corps's finding of no significant impact by ruling that balancing positive and negative impacts in an environmental assessment is unlawful. *Pls.' Second Mot.* at 2-3. But, *Advocates For Transportation Alternatives* did not break new legal ground; rather, it quotes and follows language in *Sierra Club v. Marsh*, 769 F.2d 868 (1st Cir. 1985).

---

fill material on the physical, chemical, and biological components of the aquatic environment . . . . *Id*. The Court previously addressed this charge. *See Northwest Bypass Group v. United States Army Corps of Eng'rs*, 470 F. Supp. 2d 30, 52-53 (D.N.H. 2007) (finding no likelihood of success on Count IX). Plaintiffs apparently abandon this allegation in their proposed amended complaint, and seek to replace it with a new allegation.
[7] The proposed amendment is contained in paragraph 510, not paragraph 504, as the Plaintiffs' second motion to amend states.

Even if *Advocates For Transportation Alternatives* constitutes new law, the district court issued that decision on September 29, 2006, and although the Plaintiffs explain that their chosen list server delayed in identifying the opinion, the Court cannot accept this novel excuse as good cause for delay.  Judge Young's opinion in *Advocates for Transportation Alternatives* was a matter of public record long before February 23, 2007, when counsel for the Plaintiffs was apparently made aware of it.  Counsel are held to knowledge of an opinion not when their chosen list server alerts them to its existence or when they individually read it, but when it is made public.  If counsel for the Plaintiffs had read *Advocates for Transportation Alternatives* when it was made public, he would have been able to move to amend the complaint well within the deadline for amended pleadings.

In sum, regarding the motions to amend in general, the Plaintiffs failed to explain why they omitted these allegations from the original Complaint, or why, in view of the already pending allegations, there is good cause to amend it.  None of the proposed amendments involves facts developed since July 13, 2006.  Indeed, Plaintiffs state that "[t]he reasonable proposed substantive amendments set forth in the plaintiffs' proposed *Amended Complaint*, which is attached hereto, are reasonably calculated to buttress and supplement the plaintiffs' claims sufficient to provide an improved basis for preliminary injunctive relief . . . . *Pls.' Mot.* at 2.

As the Court earlier noted, the original Complaint, "[c]onsisting of one hundred and forty pages and nineteen separate counts . . . is an articulate treatise on environmental and administrative law complete with case law, statutory, and regulatory support.  *Northwest Bypass Group*, 453 F. Supp. 2d at 336.  The Plaintiffs' "cause of action reflects a degree of thought and attention to detail that only the expenditure of time and effort could bring.  *Northwest Bypass*

*Group*, 470 F. Supp. 2d at 65.  To add allegations, which are at best subtly distinct from the original allegations, would serve no useful purpose; yet, to add markedly new allegations to such a detailed and comprehensive complaint at this late date would cause undue delay to the resolution of this contentious matter.

## II.    CONCLUSION

The Court GRANTS Plaintiffs' motion to amend the complaint to the extent it seeks to correct the spelling of Colonel Curtis Thalken; the Court otherwise DENIES Plaintiffs' motion to amend the complaint (Docket # 88).  The Court DENIES the Plaintiffs' second motion to amend complaint (Docket # 106).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 18th day of May, 2007