UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

NORTHWEST BYPASS GROUP, et al.   )
                                 )
           Plaintiffs,           )
                                 )
     v.                          )    Civil No. 06-CV-00258-JAW
                                 )
U.S. ARMY CORPS                  )
OF ENGINEERS, et al.             )
                                 )
           Defendants.           )

## ORDER ON MOTION TO RECONSIDER ORDER ON MOTIONS FOR LEAVE TO AMEND COMPLAINT

The Plaintiffs' have moved for reconsideration of the Court's denial of their motions to amend the complaint. The Plaintiffs have failed, however, to meet the substantive standards of Local Rule 7.2(e). Further, even if the motion to amend complaint were considered under the "freely given" standard of Rule 15, the Court would deny the motion, because to amend the complaint at this late date would cause undue delay and prejudice and the Plaintiffs failed to demonstrate due diligence.

**I.     STATEMENT OF FACTS**

On May 18, 2007, this Court issued an Order granting in part and denying in part the Plaintiffs' motion for leave to amend the complaint. *Order on Pls.' Mot. for Leave to Amend the Compl.* (Docket # 119) (*Order*). On June 4, 2007, the Plaintiffs moved for reconsideration. *Pls.' Mot. to Recon. Order on Pls.' Mot. for Leave to Amend the Compl.* (Docket # 123). The Defendants and Intervenors objected to the motion to reconsider. *Obj. to Pls.' Mot. to Recon.*

*Order on Pls.' Mot. for Leave to Amend the Compl.* (Docket # 126) (*City's Obj.*); *Intervenors' Obj. to Pls.' Mot. to Recons. Order on Pls.' Mot. for Leave to Amend* (Docket # 132); *Fed. Defs.' Opp'n to Pls.' Mot. to Recons.* (Docket # 133); *Intervenors' Am. Obj. to Pls.' Mot. to Recons. Order on Pls.' Mot. for Leave to Amend Compl.* (Docket # 134).

The Plaintiffs' main discontent is that the Order analyzed their motion under Rule 16, which requires "good cause" for leave to amend the scheduling order, and not Rule 15, which provides that leave to amend pleadings shall be "freely given." *See* FED. R. CIV. P. 15, 16. In their motion, the Plaintiffs do not attack the Court's conclusion that if Rule 16 applies, the motion to amend should be denied. However, they strenuously contend that the more liberal provisions of Rule 15 should be applied and, if so, the motion should be granted.

## II.    DISCUSSION

The brief answer is that just as their motion fails under Rule 16, it also fails under the more liberal standard of Rule 15.[1] In its original Order, the Court ruled that to the extent the allegations in the amended complaint were already set forth in the original complaint, the motion to amend was superfluous. The Plaintiffs do not have a right to amend a complaint to make assertions that are already there. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "futility of amendment" as a basis to deny a motion to amend); *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006). As the Court's Order explained, there was no need to amend the complaint to assert the allegations in paragraphs 92, 93, 427, 428, 431, and 491, and to withdraw and replace Count IX, because those allegations were already before the Court and to amend would be redundant. *Order* at 7-9.

---

[1] For the reasons the Court explained in its original Order, the Court disagrees with the Plaintiffs that the provisions of Rule 15(a) should be applied. *Order* at 3-6. It now addresses the Plaintiffs' Rule 15 argument only in the alternative.

2

There were only two disallowed amendments that would have set forth new claims: Count XX, which sought to assert that the Corps's decision was arbitrary and capricious because it failed to hold a public hearing, and in paragraph 510, which alleges that *Advocates For Transportation Alternatives, Inc. v. United States Army Corps of Engineers*, 453 F. Supp. 2d 289, 302 (D. Mass. 2006), creates a new legal standard for evaluating the Corps's finding of no significant impact. The first disallowed amendment was the subject of a motion the Plaintiffs filed on January 29, 2007; the second disallowed amendment was the subject of a motion the Plaintiffs filed on March 6, 2007.

The Court denied the motions based on its concerns for undue delay and the Plaintiffs' absence of due diligence. *Palmer*, 465 F.3d at 30 (stating that a court may deny a request to amend in "appropriate circumstances – *undue delay*, bad faith, futility, and the *absence of due diligence* on the movant's part are paradigmatic examples . . . .") (emphasis supplied). This case is unusual because it represents the culmination of a dispute that has been roiling for years. The Plaintiffs are old, intense, familiar foes of the project, thoroughly cognizant of the bases for mounting a legal challenge to the Corps's permitting process. Thus, after the Corps issued its decision on January 10, 2006, the Plaintiffs spent six months preparing their Complaint. The result was an impressive pleading consisting of "one hundred and forty pages and nineteen separate counts" and amounting to "an articulate treatise on environmental and administrative law complete with case law, statutory, and regulatory support." *Northwest Bypass Group v. United States Army Corps of Eng'rs*, 470 F. Supp. 2d 30, 65 (D.N.H. 2006) (*Northwest II*), (quoting *Northwest Bypass Group v. United States Army Corps of Eng'rs*, 453 F. Supp. 2d 333, 336 (D.N.H. 2006) (*Northwest I*)). In its initial ruling, the Court declined to "fault the Plaintiffs for the delay in bringing their complaint." *Northwest II*, 470 F. Supp. 2d at 65. But, having

3

given the Plaintiffs the benefit of six months to prepare their Complaint, the Court is not inclined to excuse their failure to include facts and theories that could and should have been alleged when the pleading was filed or shortly thereafter.

Here, the Plaintiffs filed their Complaint with a motion for temporary restraining order and motion for preliminary injunction. By January 5, 2007, the parties and the Court had thoroughly and exhaustively addressed each theory under which the Plaintiffs were proceeding. *See Northwest I*; *Northwest II*. Further, by January 11, 2007, the magistrate judge had ruled that "discovery is not warranted." *Order on Pls.' Mot. to Take Disc.* (Docket # 86). The case was then postured for final resolution, once the Plaintiffs' non-dispositive motions were resolved.

However, as the Court recited in its Order, the case then devolved into a plethora of motions, objections, and increasingly acrimonious accusations, including allegations of bad faith, abuse of the judicial process, and unethical conduct. *Order* at 5-7. As the Court has already explained, to the extent the Plaintiffs wished to "add new allegations and theories into a case that has been so thoroughly and exhaustively presented, the Court is concerned that amended pleadings at this late date will only further delay and complicate a case that has already experienced more than its fair share of delay and complication." *Id.* at 7. Further, based on the travel of the case to date, the Plaintiffs might view the presence of new theories as a vehicle to attempt to revisit the Court's earlier determination, for example, that discovery was unnecessary and to move to reconsider any denial of such a motion. All the while, the case would remain unresolved, the parties would incur ongoing litigation expenses, and a final ruling on its merits would be delayed.

Here, as the Court pointed out, time is not a "trivial matter." *Order* at 7. The City has been building the road at considerable public expense under a cloud of federal litigation, and the

4

parties deserve a resolution to the merits of the action so that they can order their affairs and move on. Long ago, the Supreme Court pointed out that if there was "undue prejudice to the opposing party," a court could deny a motion to amend. *Foman*, 371 U.S. at 182. Even under the "freely given" standard of Rule 15, the Court would have been most chary about allowing the Plaintiffs at this late date to infuse new allegations and theories into such complex, expensive, and contentious litigation to the substantial prejudice to the City and other interested parties.

Thus, in the unusual circumstances of this case, even applying the more liberal provisions of Rule 15, the Court would have denied the Plaintiffs' motion to amend the complaint. Notwithstanding the Defendants' serious allegations that the Plaintiffs' multiplicity of motions are "designed to maximize the cost of litigation in terms of the resources of the Courts and the parties," *City's Obj.* at 1, the Court bases its decision on its conclusion that: (1) to add new theories at this stage to the case would cause "undue delay," (2) that the Plaintiffs have not demonstrated "due diligence" by offering a satisfactory explanation as to why the complaint as originally drafted did not contain these allegations and theories, and (3) that there is a likelihood of undue prejudice to the City and interested parties. *See Foman*, 371 U.S. at 182; *Palmer*, 465 F.3d at 30.

Finally, the Plaintiffs have failed to address and to meet the substantive standards for a motion for reconsideration. They have failed to "demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer*, 465 F.3d at 30; LR 7.2(e) ("A motion to reconsider an interlocutory order of the court . . . shall demonstrate that the order was based on a manifest error of fact or law . . . .").

## III. CONCLUSION

The Court DENIES the Plaintiffs' Motion for Reconsideration (Docket # 123).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 27th day of June, 2007