UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

NORTHWEST BYPASS GROUP, et al.    )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )    Civil No. 06-CV-00258-JAW
                                   )
U.S. ARMY CORPS                    )
OF ENGINEERS, et al.               )
                                   )
            Defendants.            )

**ORDER ON PLAINTIFFS' MOTION TO CLARIFY THE SCHEDULING ORDER**

On June 5, 2007, the Plaintiffs moved to clarify and/or modify the pretrial scheduling order; the Defendants objected. *Pls.' Mot. to Clarify and/or Modify Pretrial Scheduling Order with Suggestion for Expedited Action and/or Hearing* (Docket # 125) (*Pls.' Mot.*); *Def. City of Concord's Obj. to Pls.' Mot. to Clarify and/or Modify Pretrial Scheduling Order with Suggestion for Expedited Action and/or Hearing* (Docket # 129) (*City's Obj.*); *Intervenors' Obj. to Pls.' Mot. to Clarify or Modify Scheduling Order* (Docket # 131) (*Intervenors' Obj.*); *Federal Defs.' Opp'n to Pls.' Mot. to Clarify and/or Modify Pretrial Scheduling Order with Suggestion for Expedited Action and/or Hearing* (Docket # 135) (*Fed. Defs.' Opp'n*). The Plaintiffs acknowledge that their "potential concerns become academic or moot, if the Court disagrees with the contention in the *Plaintiffs' Motion to Reconsider Order on Plaintiffs' Motions for Leave to Amend the Complaint* (Docket # 123) . . . ." *Pls.' Mot.* at 2. On June 27, 2007, the Court issued an order denying the Plaintiffs' motion for reconsideration, *Order on Mot. to Reconsider Order on Motions for Leave to Amend Compl.* (Docket # 137), and, therefore, as Plaintiffs foresaw, their pending motion is "academic or moot."

To a large extent, the Plaintiffs seek to untangle a web of their own creation. Magistrate Judge Kravchuk's Scheduling Order contemplated that the Plaintiffs would file a dispositive motion "no later than 30 days after the final resolution of all motions to supplement the administrative record for leave to take discovery." *Report of Telephone Pretrial Conference and Order* at 6 (Docket # 68). It allows the defendants to file "any cross-motions no later than 30 days after Plaintiffs file their motion." *Id.* The Order provided that the defendant's response and its own dispositive motion would be combined into one brief. *Id.* The Plaintiffs were allowed thirty days within which to file a reply and response and the Defendants were allowed fifteen days to reply. *Id.*

The Plaintiffs, however, perhaps distracted by their multiple filings, failed to file a dispositive motion; instead, on June 26, 2007, the City alone filed a motion for summary judgment. The Federal Defendants, perhaps waiting for the Plaintiffs to file their dispositive motion as the Order contemplates, filed nothing.

In any event, to straighten this out, the Court ORDERS:

(1) the parties (and intervenors) shall file any response to the City's dispositive motion by July 30, 2007;

(2) the Plaintiffs and the Federal Defendants may file dispositive motions by July 30, 2007;

(3) the parties' July 30, 2007 motions shall combine into one brief their response to the City's dispositive motion, if any, and their memorandum in support of their dispositive motion;

(4) the parties shall respond to the opposing dispositive motions by September 4, 2007; and,

(5)     each party (and intervenor) shall file a final reply by September 24, 2007.[1]

The Court GRANTS in part and DENIES in part Plaintiffs' Motion to Clarify and/or Modify Pretrial Scheduling Order with Suggestion for Expedited Action and/or Hearing (Docket # 125).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 3rd day of July, 2007

---

[1] This order attempts imperfectly to place each party and the intervenors on the same schedule. The problem now is that because neither the Federal Defendants nor the Plaintiffs have filed a dispositive motion, the schedule for responses and replies to whatever motions they may file will outrun the responses and replies to the City's dispositive motion. Rather than adhere to separate briefing schedules, the Court has decided to mesh them, since there is no advantage in the City's dispositive motion being ready for decision before the later motions. The synchronizing of theses schedules effectively means that the City and the Intervenors get to file an additional memorandum.