UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


| | | |
|---|---|---|
| NORTHWEST BYPASS GROUP, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 06-CV-00258-JAW |
| | ) | |
| U.S. ARMY CORPS | ) | |
| OF ENGINEERS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON SANCTIONS

On May 24, 2007, the Court issued an order denying the Tuttles's motion for sanctions against the City of Concord and their motion to disqualify the City's attorney from representing Martha Drukker. *Order on Pls.' Mot. for Sanctions and Mot. to Disqualify Counsel* (Docket # 120) (*Order*). Having concluded that the motions were ill-founded, the Court reserved for later whether and the extent to which it should impose sanctions against the Tuttles and their counsel. *Id.* On June 6, 2007, the Plaintiffs moved for partial reconsideration and clarification. *Mot. for Partial Reconsideration and to Clarify Order on Pls.' Mot. for Sanctions and Mot. to Disqualify Counsel* (Docket # 127) (*Pls.' Mot.*). The City of Concord has objected. *City of Concord's Obj. to Pls.' Mot. for Partial Reconsideration and to Clarify Order on Pls.' Mot. for Sanctions and Mot. to Disqualify Counsel* (Docket # 127) (*Concord Obj.*).

The Plaintiffs base their motion for reconsideration on the ground that "[i]t would be manifestly unfair for the Court to continue to consider imposing sanctions against the Tuttles (or any other plaintiffs) for the filing of the motion," *Pls.' Mot.* at 1, since they were relying on their

attorney's advice. The Court DENIES the Plaintiffs' motion for reconsideration for the reasons set forth in its May 24, 2007 Order.

The Plaintiffs base their motion for clarification on the ground that the motion for sanctions (and presumably the motion for disqualification) was not filed on behalf of the Tuttles alone, but "on behalf of all the plaintiffs." *Pls.' Mot.* at 2. The Plaintiffs are correct that the Court assumed that because the motions seemed to concern the Tuttles only, any sanction should be directed against them and their attorney, not against the other plaintiffs, Northwest Bypass Group and Leslie J. Ludtke. *Order* at 1 n.1. Since the Plaintiffs' motion for clarification corrects the record by asserting that the motions were in fact filed on behalf of all the Plaintiffs, the Court clarifies its Order and will consider imposing sanctions against all the Plaintiffs and their counsel, not against the Tuttles and their counsel alone.

Finally, as regards the Plaintiffs' contentions that before imposing sanctions, the Court must follow Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure and *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 553 (1991), the Court reassures the Plaintiffs and their counsel that in determining whether to impose sanctions and what sanctions to impose, the Court fully intends to adhere to the law.

The Court GRANTS the motion in part and DENIES the motion in part (Docket # 127).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 3rd day of July, 2007