UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

NORTHWEST BYPASS GROUP, et al.    )
                                  )
            Plaintiffs,            )
                                  )
       v.                          )     Civil No. 06-CV-00258-JAW
                                  )
U.S. ARMY CORPS                    )
OF ENGINEERS, et al.               )
                                  )
            Defendants.            )

**ORDER ON MOTIONS FOR SANCTIONS**

This Order follows the May 24, 2007 and April 22, 2008 Orders and a May 21, 2008 hearing concerning sanctions in this case. There are four remaining issues: (1) whether a sanction should issue for the Plaintiffs' motion for imposition of sanctions dated March 18, 2007 and motion to disqualify dated April 11, 2007; (2) whether a sanction should issue for the Plaintiffs' serial motions for reconsideration; (3) the amount of any sanction; and, (4) against whom any sanction should run. The Court concludes that Attorney Blakeney's motions for sanctions and to disqualify are themselves sanctionable, that his repeated filing of motions for reconsideration is not sanctionable, and that the proper measure of the sanction is the amount of the attorney's fees the City and the Intervenors expended in defending the ill-advised motions.

**I.    DISCUSSION**

   **A.    The March 18, 2007 Motion for Imposition of Sanctions & the April 11, 2007 Motion to Disqualify**

The Court concludes that Attorney Blakeney's motion for sanctions against the City and his subsequent motion to disqualify the City's counsel from representation of Ms. Drukker and to strike her affidavit are sanctionable under the standards of Rule 11. The gist of the motions was

that Martha Drukker's dealings with Morton and Carolyn Tuttle amounted to violations of federal criminal law, specifically, violations of 18 U.S.C. § 1512 and § 1513, which prohibit obstruction of justice. *Order on Pls.' Mot. for Sanctions and Mot. to Disqualify Counsel* (Docket # 120) (*Order on Sanctions*). Attorney Blakeney claimed that the City's "foregoing unfair and bad faith acts . . . constitute an attempt to corruptly obstruct, influence, or impede this judicial proceeding, as well as the Tuttles' participation in it . . . ." *Pl.'s Mot. for the Imposition of Sanctions for the City of Concord's Bad Faith Tactics Constituting Obstruction of Justice* at 12 (Docket # 107) (*Pls.' Mot. for Sanctions*). As a consequence of her dealings with the Tuttles, Attorney Blakeney later claimed that not only the City, but also Ms. Drukker were exposed to criminal liability. *Pls.' Mot. to Disqualify the Def. City's Counsel from Representation of Ms. Drukker and to Accordingly Strike the Aff. of Martha Drukker* at 1 (Docket # 114). Attorney Blakeney sought a wide range of relief from a fine to a rescission of the Order denying the motion for preliminary injunction to referral of the matter to the United States Attorney. *Pls.' Mot. for Sanctions* at 12-13.

In its May 24, 2007 Order, after describing Attorney Blakeney's motion and the circumstances surrounding it, the Court held "in abeyance any determination as to whether and to what extent it should impose sanctions against the Tuttles or their counsel for filing th[e] motion" until after the case was decided on the merits. *Order on Sanctions* at 14. On April 22, 2008, the Court ruled that it would hold a hearing on sanctions relating to Attorney Blakeney's motions, as well as motions for sanctions brought against Attorney Blakeney by the Defendants and Intervenors; on May 21, 2008, the Court held a hearing, received testimony, and heard argument. *Order on Motions for Sanctions* (Docket # 183).

For the reasons set forth in its Order dated May 24, 2007 and further explained here, the Court finds that these motions violated Rule 11's requirement that by signing the pleadings, counsel represents that the "claims . . . are warranted by existing law." Fed. R. Civ. P. 11(b)(2). Although some facts remain in dispute, the essential facts are not controverted:  (1) Ms. Drukker had been in touch with the Tuttles over an extended period of time regarding the disposition of their house;[1] (2) Ms. Drukker reported that during a January 12, 2007 telephone conversation with the Tuttles, they "seemed to not understand that they were suing the City and said that they had not authorized the suit and that Mr. Blakeney did not represent them," *Aff. of Martha Drukker* ¶ 12 (Docket # 111-2); (3) on February 6, 2007, Tupper Kinder, the City's lawyer, wrote Mr. Blakeney for an explanation; (4) on February 22, 2007, Attorney Blakeney responded by reiterating his representation of the Tuttles and demanding that the City and its employees cease contact with them, *Letter from Att'y Blakeney to Att'y E. Tupper Kinder* (Feb. 22, 2007) (Docket # 113-4); and, (5) the City honored Attorney Blakeney's request.  The major disagreement is whether Ms. Drukker continued to contact the Tuttles between January 12, 2007 and February 6, 2007, seeking to extract a letter from the Tuttles disavowing Attorney Blakeney's legal representation and urging them to drop the lawsuit in exchange for the City's cooperation concerning their house.  Attorney Blakeney insists that the City did so; the City categorically denies it.

It does not matter.  Even if Ms. Drukker contacted the Tuttles between January 12, 2007 and February 6, 2007, urged them to confirm in writing their dismissal of Attorney Blakeney, and prodded them to drop the law suit in exchange for the City's cooperation in relocating their house, her actions would not under any rational appraisal of these criminal statutes amount to

---

[1] Attorney Blakeney testified at the May 21, 2008 hearing that he never contended Ms. Drukker's contact with his clients was itself improper.

3

obstruction of justice. It bears emphasis that the Plaintiffs' motions against the City contain grave and consequential allegations – accusations by a member of the bar to a federal judge of criminal conduct by an opposing party. These most serious allegations of criminal conduct against an opposing party or the employee of an opposing party in a pending law suit, including the suggestion of a referral by the court to the federal prosecutor, should have been preceded by sober contemplation, convincing, if not irrefutable evidence of criminality, certainty of the applicable law, and in any event should not have been framed in the context of a motion seeking a civil advantage in the pending law suit.[2]  *See Pls.' Mot. for Sanctions* at 13 (requesting "rescission of the order by which the Court denied the plaintiffs' request for a preliminary injunction, and issuance of said preliminary injunction, as a type of default judgment, or equivalent thereof, against the Defendant City").

The Court finds that Attorney Blakeney failed to undertake these most elemental prerequisites. At the May 21, 2008 hearing, Attorney Blakeney conceded that if he knew then what he knows now, he would not have filed the motion. But, as a member of the bar, by acting properly, he should have learned then what he knows now. The Court concludes that the motions were without legal or factual foundation and Attorney Blakeney never should have filed them.

### B.   Serial Motions for Reconsideration

The second area of concern is the repetitive filing of motions for reconsideration for every order, save one, the Court issued. Here, the Court concludes that neither a Rule 11 nor 28 U.S.C. § 1927 violation occurred and it will not impose a sanction. The legal standard for a motion to reconsider is either newly discovered evidence or a manifest error of law. *Order on*

---

[2] Some jurisdictions, including the state of Maine, expressly prohibit presenting or threatening to present criminal charges solely to obtain an advantage in a civil matter. *See M. Bar R.* 3.6(c). The New Hampshire Rules of Professional Conduct do not contain such an express provision. *See N.H. Rules of Prof. Conduct.*

4

*Mots. for Sanctions* at 10-11. Although Attorney Blakeney defended the serial motions for reconsideration as properly raising manifest errors of law, the Court disagrees. The motions were, as Mr. Blakeney at one point argued, "motions to reconsider, which by definition is to consider again." *Pls.' Mem. in Supp. of Provision Objection to* Def. City of Concord's Mot. for Sanctions *with Req. for a Hr'g* at 12 (Docket # 159-2). Disappointed by the results, Mr. Blakeney used motions to reconsider to telegraph his disenchantment and to press for a different ruling; as the case proceeded, the language of disgruntlement became more expressive. He persistently applied the wrong legal standard to the multiple motions for reconsideration and he can be faulted for doing so. A lawyer, after all, should know the law. On the other hand, he did not – at least until May 14, 2007 – act in the face of an express directive from the Court as to the proper legal standard. *Order on Sanctions* at 15. Even the best lawyers cannot know all the law all the time, and here the line is between ineffective and sanctionable lawyering.

That line is the May 14, 2007 Order of this Court. In the May 14, 2007 Order, the Court made it painfully obvious to Attorney Blakeney that he was only to file a motion for reconsideration if it met the applicable legal standards. After that Order, he filed two further such motions: (1) a June 4, 2007 motion to reconsider the Court's May 18, 2007 Order denying the Plaintiffs' motion to amend the complaint; and, (2) a June 6, 2007 motion to reconsider the Court's May 24, 2007 Order on the motion for sanctions and to disqualify counsel. *Order on Sanctions* at 16. In the June 6 motion, Attorney Blakeney argued that the Court erred, because it applied a Rule 16(b) good cause standard to the motion, rather than a Rule 15(a) freely given standard, and that the Pretrial Scheduling Order tolled the deadlines for amended pleadings. The motion cited Local Rule 7.2(e) and argued manifest error of law. *Id.* Although the Court

disagreed and concluded that the motion failed to meet the Local Rule 7.2(e) standards, the motion was not, in the Court's view, sanctionable.

The last motion for reconsideration was poorly captioned. By offering himself as the culprit, Attorney Blakeney sought to save his clients, and though titled a "Partial Motion for Reconsideration and to Clarify Order," the motion was really the latter, seeking to shield his clients by emphasizing that the legal decisions were his, not his clients', and he, not his clients, merited any sanction. *Mot. for Partial Recons. and to Clarify Order on Pls.' Mot. for Sanctions and Mot. to Disqualify Counsel* (Docket # 127). Neither motion standing alone would justify the imposition of a sanction.

The last question is whether the filing of multiple motions to reconsider was part of a deliberate effort to harass the project's proponents, to delay the project, to increase its costs, or to send a message about the inadvisability and burden of future development: in other words, whether the merits of the law suit became subsidiary to the achievement of external ends. As one commentator noted, regarding the development of National Environmental Policy Act (NEPA) litigation:

> Delay buys time, which opponents can use to build popular and political opposition to the project. New information may develop, partially through the disclosures of the NEPA statement. Inflationary pressures, and other costs, could economically doom the project during the delay. NEPA thereby became an important means to the end: stopping the project.

Denis Binder, *NEPA, NIMBYS and New Technology*, 25 Land and Water L. Rev. 11, 17 (1990).

In assessing whether § 1927 was violated, the Court is cognizant of the need not to discourage the filing of meritorious civil actions. This civil action itself, though litigated beyond the point of exhaustion, was never frivolous. The Complaint was well drafted, the legal theories well articulated, and the issues merited thoughtful consideration. The Court does not fault

Attorney Blakeney for bringing the lawsuit and does not wish to chill the legitimate resort to federal court.

To be subject to sanction under § 1927, the lawyer must multiply "the proceedings in any case unreasonably and vexatiously . . . ." 28 U.S.C. § 1927.  If counsel filed repetitive motions for reconsideration not based on merit, but to achieve impermissible ends, this conduct would constitute a § 1927 violation.  The May 21, 2008 hearing convinced the Court, however, that the motions, though misguided, were not part of a "serious and studied disregard for the orderly process of justice."  *Rossello-Gonzalez v. Acevedo-Vila*, 483 F.3d 1, 7 (1st Cir. 2007) (quoting *United States v. Nesglo, Inc.*, 744 F.2d 887, 891 (1st Cir. 1984)).

### C. The Sanction

The final issues are the amount of the sanction and against whom it should be imposed.  The Court has concluded that Attorney Blakeney's sole sanctionable action was the filing of the motions for sanctions and to disqualify and strike.  Counsel for the City and for the Intervenors expended $3,172.50 and $2,448.00 respectively defending these motions for a total of $5,620.50.  *Mem. of Law in Supp. of Def. City of Concord's Mot. for Sanctions* at 13 (Docket # 153-2); *Mem. of Law in Supp. of Intervenors' Mot. for Sanctions* at 9 (Docket # 161-3)  The parties stipulated to the reasonableness of the lawyers' hourly rates.  *Stipulation of the Pls. and the City of Concord with Respect to the City's Mot. for Sanctions* (Docket # 174); *Stipulation of Pls. & Intervenors With Respect to Intervenors' Mot. for Sanctions* (Docket ## 160 & 161).  Attorney Blakeney raised no specific objections to the amount of the City's attorney's fees; however, he objected to the Intervenors' claimed time, since they did not file a response.  During the May 21, 2008 hearing, Attorney Damon described the legal work essential to conclude that no response

7

other than the City's was necessary. The Court accepts her explanation and overrules Attorney Blakeney's objection to the Intervenors' attorney's fees.

Finally, the Court accepts Attorney Blakeney's testimony that the decision to file the sanctionable motions was his alone and that if sanctions are imposed, they should be assessed against him, not his clients.

## II.   CONCLUSION

The Court concludes that Attorney Blakeney violated Rule 11 by filing the motions for sanctions and to disqualify and the Court imposes a sanction against him in the total amount of $5,620.50, $3,172.50 to the City of Concord and $2,448.00 to Concord Hospital and St. Paul's School. The sanction runs against Attorney Blakeney alone, not the Plaintiffs.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

Dated this 29th day of May, 2008