UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NORTHWEST BYPASS GROUP, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. ARMY CORPS )<br>OF ENGINEERS, et al., )<br>)<br>Defendants. ) | Civil No. 06-CV-00258-JAW |

**ORDER ON MOTION TO CLARIFY AND MOTION TO AMEND JUDGMENT**

Contentious to the bitter end of the road, the parties have filed post-judgment motions, asking the Court to clarify and amend its Order on Motions for Sanctions. *Order on Mots. for Sanctions* (Docket # 188) (*Order*); *Def. City of Concord's Mot. to Clarify Order on Mot. for Sanctions* (Docket # 190) (*Concord Mot.*); *Objection to Def. City of Concord's Mot. to Clarify Order on Mot. for Sanctions* (Docket # 191) (*Blakeney Ob.*); *Mot. to Amend or Alter J. Regarding Order on Mots. for Sanctions* (Docket # 193) (*Blakeney Mot.*); *Def. City of Concord's Objection to Mot. to Amend or Alter J. Regarding Order on Mots. for Sanctions* (Docket # 194) (*Concord Ob.*); *Intervenors' Objection to Mot. to Amend or Alter J. Regarding Order on Mots. for Sanctions* (Docket # 195) (*Intervenors' Ob.*).

**I.    STATEMENT OF FACTS**

On May 29, 2008, the Court issued an Order imposing sanctions against Attorney Gordon R. Blakeney and requiring him to pay the city of Concord and the Intervenors a total of $5,620.50 in attorneys' fees for violating Rule 11 in two filings: a motion for sanctions and a motion to disqualify. *Order* at 8. On June 4, 2008, the City filed a motion to clarify the Order

on the ground that the Court overlooked $1,900.00 in attorney's fees it expended in defending the motion to disqualify. *Concord Mot.* at 1-2. Attorney Blakeney objected to the City's motion for the same reason he filed the motion to amend judgment – that the Court's sanction was pursuant to Rule 11 and, as such, the Court is not authorized to order payment of attorney's fees unless the opposing party has moved for them under the Rule. *Blakeney Ob.*; *Mem. of Law in Supp. of Mot. to Amend or Alter J. Regarding Order on Mots. for Sanctions* (Docket # 193-2) (*Blakeney Mem.*)  The City and the Intervenors contend that the sanctions order was an appropriate exercise of judicial authority. *Concord Ob.*; *Intervenors' Ob.*

## II.     DISCUSSION

### A.     Rule 11, Counsel Fees, and the Need for a Motion

Upon violation, Rule 11 provides two avenues for the imposition of sanctions: by motion and by the court's initiative. Fed. R. Civ. P. 11(c). Rule 11(c)(2) addresses sanctions by motion. It requires that a motion for sanctions be "made separately from any other motion" and that the motion "must describe the specific conduct that allegedly violates Rule 11(b)." *Id.* at R. 11(c)(2). The sanctions motion is served, but not filed with the court, to give the opposing party a twenty-one day opportunity to withdraw the offending motion. *Id.* The Rule authorizes the Court to "award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." *Id.*

Rule 11(c)(3) addresses sanctions by the court's initiative: "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." *Id.* at R. 11(c)(3).

Rule 11(c)(4) sets forth the nature of the sanction the court may impose:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The

>sanction may include nonmonetary directives; an order to pay a penalty into court; or, *if imposed on motion* and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

*Id.* at R. 11(c)(4) (emphasis added). The language "if imposed by motion" has been construed to restrict a court's authority under the Rule to order payment of attorney's fees as a sanction, unless a motion has been filed under Rule 11(c)(2). *Norsyn, Inc. v. Desai*, 351 F.3d 825, 831 (8th Cir. 2003); *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000); *Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 94 (2d Cir. 1999); *Thornton v. General Motors Corp.*, 136 F.3d 450, 455 (5th Cir. 1998). The only monetary sanction a court may order on its own initiative is a penalty to the court itself. *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 152 n.3 (7th Cir. 1996). In *Hunter*, the Fourth Circuit explained the reason for the limitation on the use of attorney's fees as a Rule 11 sanction: "[T]he primary purpose of sanctions against counsel is not to compensate the prevailing party, but to deter future litigation abuse." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002) (internal punctuation and citation omitted). Although the First Circuit has not addressed the issue, it seems likely it would follow suit in view of the unanimity of circuit authority and the clarity of the limiting language in Rule 11(c)(4). In short, the Court agrees that absent a Rule 11(c)(2) motion, the Order requiring payment of counsel fees to the City and the Intervenors was issued in error.

   **B.  The Sanctions Order, Rule 11, and 28 U.S.C. § 1927**

   The next question is whether the Court should sanction Attorney Blakeney under 28 U.S.C. § 1927 for the conduct it erroneously sanctioned him for under Rule 11. Some confusion apparently arises from the avenues that led to the sanctions hearing. In its May 24, 2007 Order, the Court questioned whether sanctions should issue for Attorney Blakeney's filing of the motions for sanctions and to disqualify, but noted that it was holding "in abeyance any

3

determination as to whether and to what extent it should impose sanctions against the Tuttles or their counsel for filing th[e] motion" until the case was decided on the merits.  *Order on Pls.' Mot. for Sanctions and Mot. to Disqualify Counsel* at 1, 13-14 (Docket # 120) (*First Order on Sanctions*).  On April 22, 2008, the Court issued its Order on the merits, resolving the case in favor of the defendants and intervenors and on April 23, 2008, the Court scheduled the sanctions hearing for May 21, 2008.  *Order on Mots. for Summ. J.*  (Docket # 184); *Notice*.

The second route to the hearing was a set of motions for sanctions under § 1927 that the City and the Intervenors filed in the fall of 2007.  *Def. City of Concord's Mot. for Sanctions* (Docket # 153); *Intervenors' Mot. for Sanctions* (Docket # 160).  These motions asked for sanctions in the form of reimbursement for attorney's fees based "on the Court's inherent authority to maintain order, prevent delay and prejudice, and manage its own affairs" and based on 28 U.S.C. § 1927.  *Mem. of Law in Supp. of Def. City of Concord's Mot. for Sanctions* at 11, 13 (Docket # 153-2) (*City's Mem. for Sanctions*); *see Mem. of Law in Supp. of Intervenors' Mot. for Sanctions* at 7-8  (Docket # 160-2) (*Intervenors' Mem. for Sanctions*).  The motions pointed to Attorney Blakeney's filing of the motions for sanctions and disqualification that had troubled the Court, and made a broader argument about the conduct of the litigation as a whole, including the filing of serial motions for reconsideration, which they characterized as "frivolous or vexatious."  *Intervenors' Mem. for Sanctions* at 4-7; *City's Mem. for Sanctions*.  Neither motion mentioned Rule 11.

The Court scheduled the May 21, 2008 hearing to address all the pending sanctions issues; the sanctions question the Court had raised *sua sponte* and the parties' motions:

> The Court concludes that the motions for sanctions deserve a more complete airing.  Because the Court is scheduling a hearing to determine whether to impose sanctions on the Plaintiffs' motion for sanctions and to disqualify, the Court will set these motions to be heard at the same time.

4

*Order on Mots. for Sanctions* (Docket # 183). The sanctions hearing, which was held in Concord and went on for hours, addressed the wide range of Attorney Blakeney's conduct, including specifically his decision to file the motions for sanctions and to disqualify. Attorney Blakeney took the stand, testified extensively, and took the opportunity to explain his actions. The Court heard extended argument on this issue.

### C.     Attorney Blakeney's Notice Issue

Attorney Blakeney writes that "[t]he issue of appropriate sanctions under Rule 11 was not addressed at the hearing on May 21, 2008, because the hearing focused on sanctions under § 1927, which the Court has found Attorney Blakeney did not violate." *Mem. of Law in Supp. of Mot. to Amend or Alter J. Regarding Order on Mots. for Sanctions* at 5 (Docket # 188-1). Whether, in light of the language in the order scheduling the sanctions hearing, Attorney Blakeney was truly caught unaware that the Court was considering a Rule 11 sanction is beside the point. The Court has now resolved that its sanctions order could not be based on Rule 11.

With this said, Attorney Blakeney cannot plausibly claim that he was unaware of the possibility of a § 1927 sanction for the same conduct. The City and the Intervenors expressly sought sanctions under § 1927 for his motion for sanctions and motion to disqualify:

> 1.     In its decision of May 24, 2007, the Court denied [the] Plaintiffs' Motions for Sanctions and to Disqualify Counsel (Docket # 120) and reserved the question of whether the Plaintiffs and their counsel should be sanctioned for having filed the Motions.
> 2.     The City of Concord now seeks reimbursement of its expenses incurred in responding to those motions and others which the City believes were vexatious for the reasons set forth in the accompanying Memorandum.

*Def. City of Concord's Mot. for Sanctions* at ¶¶ 1-2; *Intervenors' Mot. for Sanctions* at ¶ 3 (similar language). In seeking attorney's fees under § 1927, the City and the Intervenors referenced the motions for sanctions and to disqualify in their memoranda. *City's Mem. for*

5

*Sanctions* at 8-9; *Intervenors' Mem. for Sanctions* at 6-7. Attorney Blakeney responded in kind. *See Pls.' Mem. in Supp. of Provisional Objection to* Def. City of Concord's Mot. for Sanctions at 6-11, 15 (Docket # 159-2).

Attorney Blakeney had an ample opportunity to respond to the looming question of whether sanctions should issue for his conduct in filing the motion for sanctions and to disqualify, and he availed himself of that opportunity.

### D.  The Preclusive Effect of the May 29, 2008 Order

In his memorandum, Attorney Blakeney implies that because the Court found in its May 29, 2008 order that he did not violate § 1927, the Order precludes a new finding that he did so. *Blakeney Mem.* at 5. Although as framed, the proposition sounds correct, the fact is that the Court never addressed whether the motion for sanctions and motion to disqualify violated § 1927. To the extent it addressed the filing of these motions, it considered whether they violated Rule 11 and concluded that they did. *Order* at 1-4. To the extent that the Court assessed § 1927, it did so only as to the filing of repetitive motions for reconsideration. The Court is not now precluded from addressing an issue that it has never addressed and that the City and the Intervenors initially raised: Whether the filing of those motions violated § 1927.

### E.  28 U.S.C. § 1927 and the Motions for Sanctions and to Disqualify

Section 1927 allows a court to impose a sanction against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Section 1927 expressly provides that a court may require the attorney who participated in such unreasonable and vexatious conduct "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* The First Circuit has described the proper standard for evaluating a § 1927 motion. *Rossello-Gonzalez v. Acevedo-Vila*, 483 F.3d 1, 7 (1st

6

Cir. 2007). A § 1927 sanction may be awarded when "an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying." *Id.* (quoting *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990)). An attorney may be penalized under § 1927 only when he or she displays a "serious and studied disregard for the orderly process of justice." *Id.* (quoting *United States v. Nesglo, Inc.*, 744 F.2d 887, 891 (1st Cir. 1984)). The First Circuit does not require "a finding of subjective bad faith as a predicate to the imposition of sanctions." *Cruz*, 896 F.2d at 631-32. To be vexatious, the attorney's conduct must "be more severe than mere negligence, inadvertence, or incompetence." *Id.* at 632. On the other hand, a "lawyer's conduct must be evaluated without the benefit of hindsight." *New England. Surfaces v. E.I. Dupont De Nemours & Co.,* No. 06-89-P-H, 2008 U.S. Dist. LEXIS 43530, at *13 (D. Me. June 3, 2008). Even though § 1927 sanctions often follow a pattern of multiple vexatious actions, the improper filing of a motion to disqualify alone can justify the imposition of § 1927 sanctions. *In re Ruben*, 825 F.2d 977, 989 n.10 (6th Cir. 1987) ("A groundless motion to disqualify opposing counsel may support a sanction under 28 U.S.C. § 1927."); *Wold v. Minerals Eng'g Co.*, 575 F. Supp. 166, 167-68 (D. Colo. 1983).

Based on these principles, the Court has little difficulty finding that Attorney Blakeney violated § 1927. In initially denying the motions, the Court found that they were "ill-founded," "plainly groundless," "frivolous," "far-fetched," and "lack[ed] a valid premise." *First Order on Sanctions* at 1, 10, 16. In its recent order, the Court found that Attorney Blakeney had failed to "undertake the[] most elemental prerequisites" before filing the motion for sanctions and motion to disqualify, that the motions were "without legal or factual foundation," and that "Attorney Blakeney never should have filed them." *Order* at 4. During the May 21, 2008 hearing, Attorney Blakeney expressed regret that he had filed the motions. *Id.*

7

In sum, the Court concludes that by filing the motion for the imposition of sanctions and the motion to disqualify the city of Concord's counsel, Attorney Blakeney violated 28 U.S.C. § 1927.

### F.     Sanction

Under § 1927, the Court is authorized to require the offending attorney "to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  This sanction has, in the Court's view, an appropriate symmetry, because Attorney Blakeney's motions imposed unnecessary costs in the form of attorney's fees against the city of Concord and the Intervenors.  To require Attorney Blakeney to repay the parties the exact amount of legal expense his unwarranted motions caused the opposing parties is more than merely the sanction § 1927 contemplates, it is also the remedy that best fits the wrong.

Following the Court's Order, the City moved to clarify the Order, noting that it actually expended an additional $1,900.00 in responding to Plaintiffs' motion to disqualify.  *Concord Mot.* at 2.  In reviewing the filings, the Court agrees that it overlooked this additional $1,900.00 and that the total amount the City expended defending these motions was $5,072.50.  The Court grants the City's motion to clarify.  Attorney Blakeney is ordered to pay the city of Concord $5,072.50 and Concord Hospital and St. Paul's School $2,448.00 for a total sanction of $7,520.50.

### III.    CONCLUSION

The Court DENIES Attorney Blakeney's Motion to Amend or Alter Judgment (Docket # 193), GRANTS the city of Concord's Motion to Clarify (Docket # 190), and for the reasons set forth in this Order, the Court AMENDS its Order dated May 29, 2008 (Docket # 188) and the

Judgment entered upon that Order (Docket # 189) to impose a sanction against Attorney Gordon R. Blakeney in the total amount of $7,520.50.

    SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE
                                              SITTING BY DESIGNATION

Dated this 26th day of June, 2008